J-S49005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARBARA BRYANT, | |
| Appellant | No. 3308 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 26, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010674-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 05, 2019**

Appellant, Barbara Bryant, appeals from the judgment of sentence of 6 to 23 months' incarceration, followed by 1 year of probation, imposed after she was convicted of false imprisonment, 18 Pa.C.S. § 2903, criminal conspiracy, 18 Pa.C.S. § 903, and recklessly endangering another person, 18 Pa.C.S. § 2705.  We affirm.

The trial court summarized the facts and pertinent procedural history of this case, as follows:

> At approximately six o'clock on the morning of November 19[], 2015, Renee Valentine was awoken by the sound of hammering at her front door.  Confined to the first floor as the result of a medical condition, Ms. Valentine was the first individual within her home at 5533 West Master Street to encounter the disturbance. Startled, Ms. Valentine phoned her daughter Ms. Renedya Stokes[,] who was asleep upstairs.  Before Ms. Stokes made her

---

[*] Former Justice specially assigned to the Superior Court.

way downstairs, Ms. Valentine heard the individuals outside comment that everyone inside the house was going to die. Ms. Valentine then peered through the window, recognizing [Appellant] and Clarence. When Ms. Stokes came downstairs after getting dressed, she also looked out the window and identified the landlord, [Appellant], and Clarence were present along with a third individual holding a shotgun, later determined to be Jerome.

At this point, Ms. Stokes called for her then-fifteen-year[-]old son, Zyair Stokes[,] to come down from his bedroom. Ms. Stokes and Zyair opened the interior metal safety door inward and discovered a thick board of plywood obscuring their exit. Hearing the continued drilling of nails, further securing the blockage in place, Mr. Stokes and Zyair attempted to break through the barrier. In addition to the front door, there were two windows and one rear door on the first floor of the property; however, none could safely be utilized for escape. The back door was blocked by cinder blocks that [Appellant] directed be placed there a few months prior, the window in the kitchen could not be reached without having to climb on a dangerously unsteady sink, and the window near the air conditioner did not open. Additionally, Jerome threatened to kill Ms. Stokes should she exit the house. Ms. Stokes sent Zyair upstairs to retrieve her phone in order to call 911 and request police assistance. After Ms. Stokes disconnected with emergency dispatch, she proceeded to take photographs of the encounter and a short video. These photographs included Jerome with a shotgun and the car of [Appellant].

Officer Richard Green received flash information of a woman and two males leaving the scene of 5533 Master Street in a vehicle with a license plate belonging to [Appellant]. Approximately 20 minutes after the 911 phone call was placed, he arrived at 5533 Master Street to find the front door boarded up with people trapped inside. Unable to remove the paneling himself, … [the] [o]fficer … called for fire and rescue to remove the barrier. [Firemen] arrived shortly thereafter. After a failed attempted to pry off the plywood from the door's frame, firemen eventually had to saw through the wood to allow everyone inside to exit. A video taken by Ms. Stokes of the firemen sawing through the door was introduced by the Commonwealth at trial.

[Appellant] appeared before the [trial court] on August 17, 2018[,] in a waiver trial charged with two counts of [f]alse [i]mprisonment, two counts of [c]onspiracy [to commit] [f]alse

[i]mprisonment[,] and [r]ecklessly [e]ndangering [a]nother [p]erson[.] She was found guilty on all counts.

Trial Court Opinion, 6/14/19, at 1-3 (unnumbered; citations to the record omitted).

On October 26, 2018, Appellant was sentenced to the aggregate term stated *supra*. She filed a timely post-sentence motion, which was denied. She then filed a timely notice of appeal.[1] Appellant complied with the trial court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court filed its Rule 1925(a) opinion on June 14, 2019.

Herein, Appellant states three issues for our review:

[I.] Whether the weight of the evidence was enough to sustain a conviction pursuant to [Pa.R.Crim.P.] 607?

[II.] Whether the evidence was sufficient to sustain a conviction pursuant to [Pa.R.Crim.P.] 606 and the weight of the evidence was enough to sustain a conviction pursuant to Rule 607[?]

[III.] Whether the [p]ost-[s]entence [m]otion, in which [Appellant argued she] has no prior record … [and] requested a [p]robationary sentence without [h]ouse [a]rrest, as [h]ouse [a]rrest was stressful for her, should have been granted?

Appellant's Brief at 3.

Appellant's claims are waived. Initially, she only presents an argument regarding her challenge to the sufficiency of the evidence to sustain her

_____

[1] Appellant erroneously stated she was appealing from the November 1, 2018 order denying her post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the caption accordingly.

convictions, thus abandoning her weight-of-the-evidence and sentencing challenges for our review. *See id.* at 7.

In regard to her sufficiency issue, Appellant simply cites our standard of review, and then states that her convictions "should be reversed as the evidence presented by the Commonwealth did not meet the elements of the alleged crimes beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Clearly, this undeveloped argument is inadequate to permit us to meaningfully review the sufficiency of the evidence to sustain Appellant's convictions. Therefore, this claim is also waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."). Additionally, Appellant's sufficiency claim is waived because she failed to specify, in her Rule 1925(b) statement, the element(s) of her crimes that the Commonwealth failed to prove. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) ("[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925[(b)] statement must 'specify the element or

elements upon which the evidence was insufficient' in order to preserve the issue for appeal.") (citations omitted).

For these reasons, we deem all of Appellant's issues waived and affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/19